FILED IN OPEN COURT
U.S.D.C. - Atlanta

MAR 26 2025 pav

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MICHAEL BRIGGS, *individually and on behalf of all others similar situated*,<br><br>                 Plaintiff,<br>vs.<br><br>THE NORTH HIGHLAND COMPANY,<br><br>                 Defendant. | Case No. 1:22-CV-03640-SCJ |

### FINAL ORDER AND JUDGMENT
### GRANTING APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiff's Motion requesting that the Court enter an Order granting final approval of the class action Settlement involving Plaintiff Michael Briggs, individually and on behalf of all others similarly situated ("Plaintiff" or "Settlement Class Representative"), and Defendant The North Highland Company, as further defined herein ("Defendant" and together with Plaintiff, the "Parties") as fair, reasonable and adequate.

Having reviewed and considered the Settlement Agreement and the motion for final approval of the Settlement, and having conducted a Final Approval Hearing, the Court makes the following findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or to determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** makes the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, and adequate under Fed. R. Civ. P. 23, and in the best interests of the Settlement Class;

**IT IS ON THIS** 26th day of March, 2025,

**ORDERED** that:

1. The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

2. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

3. On October 15, 2024, this Court entered an Order which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) certified a Settlement Class in this matter, including defining the class, appointed Plaintiff as the Settlement Class Representative, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator and (f) set the date for the Final Approval Hearing.

4. In the Order Granting the Motion for Preliminary Approval of Class Action Settlement, for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> All current and former North Highland employees and their dependents and beneficiaries residing in the United States whose Personal Information was potentially compromised in the Data Incident affecting North Highland on or about May 26, 2022 to June 6, 2022, including all such persons who received notice of the breach.

Excluded from the Settlement Class is any judge presiding over the Litigation and their first-degree relatives, judicial staff and persons who timely and validly request exclusion from the Settlement Class.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and finds that the Settlement is fair, reasonable and adequate and meets the requirements of Fed. R. Civ. P. 23.

6. Settlement Class Counsel applied for an award of attorney's fees and litigation expenses in the amount of $216,666.67. Given all of the facts and circumstances, the Court finds this amount to be fair, reasonable, and adequate and approves the requested award of attorney's fees and litigation expenses.

7. The Settlement Agreement provides for a class representative service award of $2,500 to the named Plaintiff, Michael Briggs. The Court finds that this modest award is reasonable and hereby grants approval.

8. Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs and expenses, and the proposed Service Award payment to Plaintiff has been provided to Settlement Class Members as directed by this Court's Orders, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court..

9. The Court finds that such Notice constitutes the best possible notice practicable under the circumstances and constitutes valid, due and sufficient notice to all Settlement Class Members.

10. As of the final date of the Opt-Out Period, zero Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement.

11. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

12. Further to the Settlement Agreement, Plaintiff and the Settlement Class Members release claims against Defendants and all Released Persons, as defined in the Settlement Agreement. The released claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in this Settlement Agreement and shall not include the claims of those persons identified in the Exclusion List who have timely and validly requested exclusion from the Settlement Class.

13. On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, the Releasing Parties and Settlement Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of this Final Order and Judgment, shall have, fully, finally, completely and forever released and discharged Defendants and the Released Persons from the released claims, as set forth in the Settlement Agreement.

14. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

15. This Final Order and Judgment resolves all claims against all Parties in this Litigation and is a final order.

16. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Order as the final judgment in this matter.

**DONE AND ORDERED THIS** 26th **DAY OF** MARCH, 2025.

_____
HON. STEVE C. JONES
UNITED STATES DISTRICT JUDGE

4